RALPH INGERSOLL, ET AL.

*vs.*

GUY GANNETT PUBLISHING COMPANY, INC., ET AL.

Cumberland.    Opinion, July 26, 1956.

*Verrill, Dana, Walker, Philbrick and Whitehouse,*
*Frank M. Coffin,* for plaintiffs.

*John E. Willey,*
*Goodspeed & Goodspeed,*
*Linnell, Brown, Perkins, Thompson & Hinckley,*
                                        for defendants.

SITTING: FELLOWS, C. J., BELIVEAU, TAPLEY, JJ. MURRAY, A. R. J. WEBBER, WILLIAMSON and CLARKE, JJ., did not sit.

BELIVEAU, J. On appeal. Bill in Equity, dated September 15, 1952, brought by Ralph Ingersoll and the R. J. Company, Inc., praying for an accounting from the directors of the defendant corporation and that they be adjudged trustees for sums of money alleged to have been paid them illegally by the defendant.

On May 25, 1953, General Newspapers, Inc. filed against the same directors, a so-called Supplemental Bill of Complaint.

On November 9, 1955, the justice below, after hearing upon original and supplemental bills and motion to dismiss, ordered that both bills be dismissed, without costs.

On the 16th day of August, 1948, one Fred R. Lord, then owner of 7,637 shares of capital stock of the Guy Gannett Publishing Company, Inc., by a written contract on that date and the payment of $50,000 by Charles E. Marsh, agreed to sell this stock to one C. E. Haines, or her nominee, at a price of $60.00 per share. This agreement was amended on August 18, 1948 and again on December 20, 1948. These amendments had to do with payment of the balance due,.and, as we view the case, are not material here.

On April 27, 1949, C. E. Haines appointed Charles E. Marsh, "my Attorney-in-Fact in all matters pertaining to my contract with .Fred R. Lord." Charles E. Marsh arranged for the purchase of the stock from Mr. Lord and the contract with C. E. Haines, his secretary, was so made at his request.

On April 29, 1949, C. E. Haines transferred her interest in the stock to Ralph Ingersoll and Charles E. Marsh, who

were co-partners, doing business under the name of R. J. Company.

R. J. Company, the partnership, on November 15, 1950, sold its interest in the stock to R. J. Company, the corporation.

On November 15, 1952, Ralph Ingersoll and R. J. Company, Inc. disposed of their interest in the stock to Charles E. Marsh, who in turn, on the same day, transferred it to General Newspapers, Inc.

The first question to be determined is the status of the plaintiff Ingersoll and the R. J. Company, Inc. after the transfer of the stock to Charles E. Marsh. They had parted and divested themselves, unconditionally, of the subject matter on which they based their Bill in Equity. From that time on, they were strangers to the proceedings and had no rights or interest which this court could adjudicate, and, while on the records of this court they were still the plaintiffs, such was not the case, as a matter of fact. If the defendants had known of the transfer of the stock to Charles E. Marsh on November 15, 1952, a motion by them calling the court's attention to the change of stock ownership would have resulted in a dismissal of the bill.

Whitehouse, who is recognized as an authority on equity proceedings in this state, says that in such a case no appeal can be entered by plaintiffs who have parted with their interest in the subject matter of the suit. *Whitehouse Equity Practice, Vol. I, Page 838.*

The case of *Card* v. *Bird, et al., 10 Paige Chancery Reports, 426,* discusses such a situation and rules as a matter of law that plaintiffs who have parted with their interest in the subject matter cannot obtain an appeal.

We hold that Ingersoll and the R. J. Company, Inc. were "out of court" after they transferred their stock to Marsh

and had no standing whatever in the litigation then pending.

As stated before, General Newspapers, Inc., while they had owned stock since November 1952, did not attempt to intercede until May 25, 1953, or more than six months after they acquired control of this stock. Their attempt to become a party plaintiff, in place of the original plaintiffs, was by Supplemental Bill of Complaint. There was no privity of any sort or kind between the original plaintiffs and General Newspapers, Inc.

The filing of a supplemental bill by the General Newspapers, Inc. must be considered an attempt by it to be substituted for the original plaintiffs for the purpose of prosecuting the original bill. If this move accomplished the purpose intended, then party plaintiffs could be substituted against the objection of the adverse litigant and without any order or permission of the court.

The General Newspapers, Inc. accomplished nothing by filing a Supplemental Bill and taking no further action on it. *Whitehouse, Vol. I, Sec. 212, Page 389,* lays down the rule that the new party may not be admitted without a formal order. *Equity Rule 20* provides that amendments as to the parties should be made only under order of court.

*Appeal dismissed.*

*Decree below affirmed without costs.*